UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

UNITED STATES OF AMERICA,

        Plaintiff,                        Case No. 3:20-cr-062

-vs-                                                      Judge Thomas M. Rose

Christopher C. Roberts,

        Defendant.

**ENTRY AND ORDER DENYING MOTION TO DISMISS FOR SPEEDY TRIAL VIOLATION. ECF 5.**

This matter comes before the Court pursuant to Motion to Dismiss for Speedy Trial Violation. Doc. 5. Therein, Defendant Christopher C. Roberts asserts that unreasonable delay has violated his speedy trial rights and therefore, his case must be dismissed.

**Background**

Robert Caldwell was shot and killed on August 15, 2017. A review of surveillance video led law enforcement to identify Sterling Roberts as the individual who shot and killed Robert Caldwell. On February 27, 2018, Defendant Christopher C. Roberts was charged by complaint with a violation of 18 U.S.C. §§ 922(d)(1) and (3) and 2 for his role in providing the firearm Sterling Roberts used to kill Robert Caldwell. A warrant was issued for his arrest. On February 28, 2018, law enforcement executed a search warrant at Defendant's residence and arrested Defendant. In the course of that search, law enforcement located a firearm under an air mattress in a bedroom they believed Defendant used. The firearm was not related to the Caldwell homicide.

On March 13, 2018, Christopher C. Roberts was one of six individuals indicted in Case

3:18-cr-032 on charges relating to the death of Robert Caldwell. (ECF 20, Indictment). Christopher C. Roberts was indicted on one count; Count 2 charged a violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) and 2 for aiding and abetting providing the firearm Sterling Roberts used to kill Robert Caldwell.   On July 16, 2020, upon the government's motion, ECF 276, the Court dismissed this charge.

Prior to that, the government received a DNA analysis that the government alleges connected the firearm found on February 28, 2018 to Defendant.   On June 23, 2020, a grand jury indicted Defendant on the charge of being a felon in possession of a firearm under 18 U.S.C. §§ 922(g)(1) and 924(a)(2) .   This was the first time Christopher C. Roberts was charged in connection to the firearm found during the February 28, 2018 search.

On July 31, 2020, Defendant filed a motion to dismiss the Indictment in this case, 3:20-cr-062 based on alleged violations to his constitutional and statutory rights to a speedy trial. (ECF 5, Motion to Dismiss: Speedy Trial).

**Analysis**

The right to a speedy trial is protected both constitutionally and statutorily. See U.S. Const. amend. VI; 18 U.S.C. § 3161; Fed. R. Crim. P. 48(b).   Defendant alleges that the government violated his right to a speedy trial under 18 U.S.C. § 3161(c)(1).

The statutory right under 18 U.S.C. § 3161(c)(1) states:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date Defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1).   Defendant alleges that 800 days passed since his arraignment on these charges.

2

On March 13, 2018, Defendant was one of six defendants charged in the indictment in case 3:18-cr-032; Defendant was charged with aiding and abetting a felon in possession of a firearm under 18 U.S.C. §§ 922(a)(2) and 924(a)(2) and 2. The 3:18-cr-032 Indictment charged offenses related to the homicide of Robert Caldwell. Count 2 of that Indictment stemmed from Defendant's August 15, 2017 actions in transferring a firearm to Sterling Roberts. This charge was not related to Defendant's February 28, 2018 possession of the firearm located during a search warrant.

On June 23, 2020, Defendant was charged separately under 18 U.S.C. §§ 922(g) and 924(a)(2) in connection to the firearm located during the February 28, 2018 search warrant, which was later connected to him through DNA testing. The indictment on June 23, 2020 was unrelated to the indictment on March 13, 2018. Fifteen days passed between the arraignment on July 15, 2020 and the filing of Defendant's motion to dismiss on July 31, 2020.

Where a superseding indictment charges the defendant with the same offense as the original indictment, "any violation of the original is imputed to it, and consequently ... the later indictment that must be dismissed" if the speedy trial clock on the original indictment has run out. *United States v. Gambino*, 59 F.3d 353, 362 (2d Cir. 1995). "By contrast, the Speedy Trial Act clock begins to run anew with the filing of a new indictment that contains a different charge." *United States v. Sachakov*, 812 F. Supp. 2d 198, 207 (E.D.N.Y. 2011) (citing *United States v. Ramos*, 588 F. Supp. 1223, 1226 (S.D.N.Y. 1984) ("[A] prerequisite to the applicability of these provisions is that the subsequent filing contain "the same offense or any offense required to be joined with" the offense charged in the original filing. If the subsequent filing does not meet that prerequisite, then the subsequent filing commences its own speedy trial period.")). Thus, Defendant's right to a speedy trial under 18 U.S.C. § 3161 (c) (1) has not been violated because just a little over two weeks have passed between his arraignment on July 15, 2020 and

the filing of his motion to dismiss on July 31, 2020.

The Sixth Amendment also guarantees defendants the right to a speedy trial. U.S. Const. amend. VI. It does not apply before a defendant is accused of a crime. *United States v. Marion*, 404 U.S. 307, 316-17 (1971). Accusation comes through formal charges, like an indictment, or the restraint of a defendant in connection to a criminal charge. See id. at 320-21. The period between indictment and trial is often the period considered for a Sixth Amendment speedy trial claim. *United States v. Gardner*, 488 F.3d 700, 719 (6th. Cir. 2007). In this case, Defendant was charged with being a felon in possession of a firearm on June 23, 2020; therefore, the length of any delay must be measured from that point, or the date of arraignment, whichever date last occurs. 18 U.S.C. § 3161(c)(1).

Whether a violation to defendant's constitutional right to a speedy trial has occurred is analyzed using four factors. *Barker v. Wingo*, 407 U.S. 514, 530 (1972). None of the factors are dispositive. Id. at 533. The four factors are (i) the length of the delay, (ii) the reason for the delay, (iii) whether Defendant asserted his right, and (iv) the prejudice the delay caused Defendant. Id. Although none of the factors are dispositive, the first is a "threshold" factor which defendants must meet in order for a legitimate speedy trial claim to exist. See id. at 530-31. In this case, Defendant does not meet the threshold factor because just a little over a month has passed since his indictment in Case 3:20-cr-062; therefore, his claim fails. Even if he did meet the threshold factor his claim would fail under the other three factors.

First, the length of the delay must be considered. Id. at 530. While none of the four factors are dispositive, this factor is a "triggering" factor, necessary but not sufficient for a speedy trial violation to have occurred. See id. at 530-31; *Doggett v. United States*, 505 U.S. 647, 651-52 (1992). The delay must be presumptively prejudicial to Defendant, which is generally viewed as being a delay of one year or more. *Doggett*, 505 U.S. at 652 n.1; *United States v.*

4

*Schreane*, 331 F.3d 548, 553 (6th Cir. 2003).   In *United States v. Gardner*, a defendant claimed the government violated his Sixth Amendment right to a speedy trial based on a 265-day delay between his indictment and his trial. Id. at 717-719.   The Court of Appeals, using the four factor *Barker* test, rejected his claim on the grounds that 265 days was about nine months, a shorter period than the one year necessary for a delay to be presumptively prejudicial. Id.   The court did not analyze the other three factors since the 265-day delay was not long enough to be presumptively prejudicial. Id.

In Defendant's case, just over a month passed between his indictment on June 23, 2020 and the filing of his motion to dismiss on July 31, 2020.   This is far shorter than the 265 days in *Gardner*.   He therefore fails to get past the first *Barker* factor.   As this factor is a "threshold" factor, the analysis stops and Defendant's claim fails.

Defendant's motion is not well-founded.    Because the calculation of speedy trial time begins anew with the filing of an indictment including charges that did not need to be included in the original indictment, time has not run on his Speedy Trial Act rights.    Neither does Defendant prevail under a constitutional analysis.   Therefore, Defendant's Motion to Dismiss for Speedy Trial Violation, Doc. 53, is **DENIED**.

**DONE** and **ORDERED** in Dayton, Ohio on Monday, September 21, 2020.

s/Thomas M. Rose

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE